GIBSON, DUNN AND CRUTCHER LLP
CRAIG VARNEN, SBN 172603
CVarnen@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:     (213) 229-7000
Facsimile:     (213) 229-7520

JEFF LOMBARD, SBN 285371
JLombard@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone:     (650) 849-5300
Facsimile:     (650) 849-5333

*Attorneys for Defendants*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KEITH CONNERS, derivatively on behalf of GROCERY OUTLET HOLDING CORP., <br><br>Plaintiff, <br><br>v. <br><br>ROBERT JOSEPH SHEEDY, CHARLES C. BRACHER, ERIC J. LINDBERG, JR., ERIK D. RAGATZ, KENNETH W. ALTERMAN, JOHN E. BACHMAN, MARY KAY HABEN, THOMAS F. HERMAN, CAREY F. JAROS, GAIL MOODY-BYRD, and JEFFREY R. YORK, <br><br>Defendants, <br><br>and <br><br>GROCERY OUTLET HOLDING CORP., <br><br>Nominal Defendant. | Case No. 3:25-cv-03697-LB <br><br> STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL AND STAY OF CONSOLIDATED ACTION <br><br><br><br><br><br><br><br><br><br><br><br>Judge: Hon. Laurel Beeler <br> Date Action Filed: April 28, 2025 |

[Caption continued on next page.]

| | |
|---|---|
| TIMOTHY JACKSON, Derivatively on Behalf of GROCERY OUTLET HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> ERIC J. LINDBERG, JR., ERIK D. RAGATZ, JASON POTTER, KENNETH W. ALTERMAN, JOHN E. BACHMAN, MARY KAY HABEN, THOMAS F. HERMAN, CAREY F. JAROS, GAIL MOODY-BYRD, JEFFREY R. YORK, ROBERT J. SHEEDY, JR., and CHARLES C. BRACHER, <br><br> Defendants, <br> -and- <br><br> GROCERY OUTLET HOLDING CORP., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 4:25-cv-03843-JST <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Judge: Hon. Jon S. Tigar <br> Date Action Filed: May 2, 2025 |

Plaintiffs Keith Conners and Timothy Jackson ("Plaintiffs"), nominal defendant Grocery Outlet Holding Corp. ("Grocery Outlet" or the "Company"), and individual defendants Eric J. Lindberg, Jr., Erik D. Ragatz, Jason Potter, Kenneth W. Alterman, John E. Bachman, Mary Kay Haben, Thomas F. Herman, Carey F. Jaros, Gail Moody-Byrd, Jeffrey R. York, Robert J. Sheedy, Jr., and Charles C. Bracher (the "Individual Defendants" and together with Grocery Outlet, "Defendants"), by and through their undersigned counsel, stipulate as follows:

WHEREAS, the following two putative securities class actions were filed in this Court: *Liberato v. Grocery Outlet Holding Corp., et al.*, Case No. 4:25-cv-00957-JST and *Cavanaugh v. Grocery Outlet Holding Corp., et al.*, Case No. 4:25-cv-02886-JST, which were consolidated on June 3, 2025 (together, the "Securities Class Action");

WHEREAS, on June 16, 2025, the Court in the Securities Class Action entered a scheduling order, setting the lead plaintiffs deadline to file an amended complaint by August 5, 2025;

WHEREAS, on July 10, 2025, the parties in the Securities Class Action submitted a stipulation asking the court to amend the scheduling order and to move the deadline for the lead plaintiff's filing of an amended complaint to August 19, 2025;

WHEREAS, the following two stockholder derivative actions allege, among other things, breaches of fiduciary duty by certain current and former officers and directors of Grocery Outlet and are now pending in this Court (the "Related Derivative Actions"):

| Case Name | Case No. | Date Filed |
| --- | --- | --- |
| *Conners v. Sheedy, et al.* | 3:25-cv-03697-LB | 04/28/25 |
| *Jackson v. Lindberg, Jr., et al.* | 4:25-cv-03843-JST | 05/02/25 |

WHEREAS, the defendants in the Securities Class Action anticipate moving to dismiss the amended complaint and, under the parties' proposed stipulation in the Securities Class Action, the defendants' motion to dismiss will be due on October 21, 2025;

- 1 -
STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL AND STAYING CONSOLIDATED ACTION
CASE NOS. 25-cv-3697; 25-cv-3843

WHEREAS, Plaintiffs and Defendants (together, the "Parties") in the Related Derivative Actions believe that the outcome of the defendants' motion to dismiss in the Securities Class Action may be informative to the litigation of the Related Derivative Actions given the overlap between the facts and circumstances alleged in the Related Derivative Actions and the Securities Class Action;

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve the same questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, under Federal Rule of Civil Procedure 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Robbins LLP and Glancy Prongay & Murray LLP shall be designated as Co-Lead Counsel representing Plaintiffs in the Related Derivative Actions;[1] and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW THEREFORE, IT IS HEREBY AGREED AND STIPULATED by and among the Parties, by and through their respective counsel of record, as follows:

1.  To the extent they have not been served or waived service previously, pursuant to Federal Rule of Civil Procedure 4(d), Defendants hereby agree to waive service of the complaints and summonses filed in the Related Derivative Actions;

2.  The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial (the "Consolidated Derivative Action"):

| **Case Name** | **Case No.** | **Date Filed** |
|---|---|---|
| *Conners v. Sheedy, et al.* | 3:25-cv-03697-LB | 04/28/25 |
| *Jackson v. Lindberg, Jr., et al.* | 4:25-cv-03843-JST | 05/02/25 |

---

[1] Defendants take no position on the appointment of co-lead counsel for Plaintiffs.

- 2 -
STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL AND STAYING CONSOLIDATED ACTION
CASE NOS. 25-cv-3697; 25-cv-3843

3. The Consolidated Derivative Action shall be reassigned to the Honorable Jon S. Tigar who is overseeing the Securities Class Action and presently assigned to the *Jackson* derivative action referenced above.

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| IN RE GROCERY OUTLET HOLDING CORP. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 3:25-cv-03697-JST<br>(Consolidated with Case No. 4:25-cv-03843-JST) |
|---|---|

5. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Case No. 3:25-cv-03697-JST. All documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

6. This Order shall apply to each stockholder derivative action arising out of the same, or substantially the same, transactions or events as the Related Derivative Actions, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a stockholder derivative action that properly belongs as part of *In re Grocery Outlet Holding Corp. Derivative Litigation*, Lead Case No. 3:25-cv-03697-JST, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Grocery Outlet Holding Corp. Derivative Litigation*, Lead Case No. 3:25-cv-03697-JST, and counsel are to assist in ensuring that

counsel in subsequently filed, removed, reassigned or transferred actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later stockholder derivative actions involving Grocery Outlet filed in or removed, reassigned or transferred to this Court.

7. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**ROBBINS LLP**
Brian J. Robbins
Craig W. Smith
Shane P. Sanders
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

**GLANCY PRONGAY & MURRAY LLP**
Kevin F. Ruf
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
kruf@glancylaw.com

8. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

10. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or any other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

- 4 -
STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL AND STAYING CONSOLIDATED ACTION
CASE NOS. 25-cv-3697; 25-cv-3843

11. The Consolidated Derivative Action shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court, subject to the conditions discussed herein.

12. Grocery Outlet shall promptly notify Plaintiffs upon becoming aware of any related derivative actions or threatened derivative actions, including any litigation demands ("Related Action"), in any forum that concern the same or similar subject matter as the complaints in the Related Derivative Actions. Grocery Outlet shall promptly notify Plaintiffs in the event that any Related Action is not stayed.

13. The undersigned agree that if any Related Action is not stayed for at least the same duration and under similar terms as the Consolidated Derivative Action, Plaintiffs may lift the agreed stay upon thirty (30) days' notice in writing to the undersigned counsel for Grocery Outlet via email.

14. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Action that are more favorable to the plaintiff(s) therein, Defendants agree to meet and confer with Plaintiffs in good faith about appropriate modifications to the terms of this stipulation.

15. The undersigned agree that during the pendency of this stay, Grocery Outlet shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any mediation or settlement talks with the plaintiff in the Securities Class Action. In the event that Grocery Outlet's good faith efforts do not result in including Plaintiffs in the mediation with plaintiffs in the Securities Class Action, then Grocery Outlet agrees to mediate in good faith with Plaintiffs in the Consolidated Derivative Action at or about the same time. The Parties further agree that Grocery Outlet shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with plaintiffs in any Related Action and shall include Plaintiffs in any such mediation or settlement talks.

16. In the event that Grocery Outlet agrees to produce or is ordered to produce by a court of competent jurisdiction, any documents in any Related Action or pursuant to any shareholder demand for an inspection of books and records on behalf of Grocery Outlet, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiffs and Grocery Outlet of a mutually agreeable confidentiality agreement governing the use and disclosure of such materials.

17. The stay established herein shall terminate upon occurrence of any of: (1) the dismissal of the Securities Class Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part; or (3) any of the parties to this Stipulation has given a thirty (30) days' written notice that they no longer consent to the voluntary stay of the Action. The parties shall meet and confer and file with the Court a proposed schedule within twenty (20) days after the occurrence of any of the events above.

18. Notwithstanding the stay of this Action, Plaintiffs may file a consolidated amended complaint; however, defendants need not answer or otherwise respond thereto or to any other complaint or amended complaint that is filed in or consolidated with the Consolidated Derivative Action during the pendency of this stay.

19. This Order is without prejudice to any and all arguments or defenses that Defendants may assert and to any and all arguments or claims that any Plaintiff may assert. By entering into this stipulation, each Plaintiff preserves all claims of any kind and Defendants preserve all defenses of any kind.

20. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that service by email transmission shall be permitted in addition to service via ECF notification.

21. All deadlines, including the Case Management Conferences (*Conners* – 7/31/2025; *Jackson* – 8/6/2025) and deadlines associated therewith, are hereby vacated.

1  **IT IS SO STIPULATED.**

2  Dated: July 14, 2025

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Craig Varnen*
───────────────────────────
CRAIG VARNEN (SBN 172603)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone:   (213) 229-7000
Facsimile:   (213) 229-7520
Email: cvarnen@gibsondunn.com

Jeff Lombard, SBN 285371
310 University Avenue
Palo Alto, CA 94301
Telephone:   (650) 849-5300
Facsimile:   (650) 849-5333
Email: jlombard@gibsondunn.com

*Attorneys for Defendants*

Dated: July 14, 2025

**ROBBINS LLP**
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS

*/s/ Shane P. Sanders*
───────────────────────────
SHANE P. SANDERS

5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

*Attorneys for Plaintiff Timothy Jackson and [Proposed] Co-Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
GREGORY M. NESPOLE
DANIEL TEPPER
CORREY A. SUK
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500

Facsimile: (212) 363-7171
gnespole@zlk.com
dtepper@zlk.com
csuk@zlk.com

*Attorneys for Plaintiff Timothy Jackson*

Dated:  July 14, 2025                    **GLANCY PRONGAY & MURRAY LLP**

/s/ *Kevin F. Ruf*
KEVIN F. RUF (SBN 136901)

1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
kruf@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Brian P. Murray
230 Park Avenue, Suite 358
New York, NY 10169
Tel: (212) 682-5340
Fax: (212) 884-0988
bmurray@glancylaw.com

*Attorneys for Plaintiff Keith Conners and [Proposed] Co-Lead Counsel for Plaintiffs*

**ROWLEY LAW PLLC**
Shane Rowley
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
srowley@rowleylawpllc.com

*Attorneys for Plaintiff Keith Conners*

I, Craig Varnen, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Service, Consolidation of Related Derivative Actions, and Appointment of Co-Lead Counsel.  In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ *Craig Varnen*
Craig Varnen

- 8 -
STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL AND STAYING CONSOLIDATED ACTION
CASE NOS. 25-cv-3697; 25-cv-3843

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3  DATED: July 29, 2025

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE